**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-80066-LEIBOWITZ/REINHART**

**UNITED STATES OF AMERICA,**

**vs.**

**DAVID RICARDO MONTECE ELIAS,**

      **Defendant.**

_____/

**RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE**
**INVESTIGATION REPORT**

The United States, by and through the undersigned Assistant United States Attorney, hereby files this Response to Defendant David Ricardo Montece Elias' ("Montece" or "Defendant") Objections to his Presentence Investigation Report ("PSI"). The defendant raises ten factual objections and three legal objections (*See* DE 40). For the reasons set forth below, the Court should sustain factual objections 1, 2, 3, 4, 8, 9, and 10, and overrule factual objections 5, 6, and 7. The Court should also overrule all three of the defendant's legal objections.

Accordingly, the Government respectfully requests that the Court adopt the remaining portions of the PSI and find that the defendant's United States Sentencing Guidelines advisory guideline range is 324 to 405 months' imprisonment.

## I.    FACTUAL BACKGROUND

### A. Offense Conduct

As described in the PSI, the defendant participated in a years-long conspiracy to acquire firearms in the United States and smuggle them, through freight forwarders, to Ecuador for use by the Ecuadorian criminal organization "Los Choneros" (PSI ¶¶ 14–51). Throughout the conspiracy, ATF and HSI agents intercepted and seized multiple shipments—coordinated by the defendant—

containing concealed firearms destined for Ecuador (*Id.*). Agents also recovered numerous firearms in Ecuador that were used in riots, shootings, and assassinations (*Id.*). To facilitate the conspiracy, the defendant recruited, directed, paid, and coordinated multiple individuals to purchase, transport, conceal, and smuggle firearms in both the United States and Ecuador (*Id.*).

### B. Montece's Guideline Range

The U.S. Probation Office ("USPO") prepared a thorough PSI in advance of sentencing (*See* DE 39). Applying the 2025 U.S.S.G. Manual, the USPO set the defendant's base offense level at 18 under U.S.S.G. § 2K2.1(a)(5), as the offense involved a violation of 26 U.S.C. § 5861(d) (PSI ¶ 72). The following enhancements were applied:

1. **Ten levels** under § 2K2.1(b)(1)(E) because the offense involved more than 200 firearms;

2. **One level** under § 2K2.1(b)(4)(B)(i), (ii) because at least one firearm bore an obliterated serial number, and multiple privately manufactured firearms lacked serial numbers;

3. **Five levels** under § 2K2.1(b)(6)(C) because the defendant transported or arranged for the transport of firearms knowing or having reason to believe they would be used unlawfully;

4. **Four levels** under § 2K2.1(b)(7)(A) because the defendant possessed or transferred firearms knowing or believing they would be transported out of the United States;

5. **Two levels** under § 2K2.1(b)(9)(A), (B) because the defendant committed the offense in connection with his participation in a criminal association of five or more individuals; and

6. **Four levels** under § 3B1.1(a) because the defendant was an organizer or leader of a criminal activity involving five or more participants or that was otherwise extensive (PSI ¶¶ 73–79).

The defendant received a three-level reduction for acceptance of responsibility (PSI ¶¶ 83–84), resulting in a total offense level of 41. With a Criminal History Category I, the advisory guideline range is 324 to 405 months' imprisonment (PSI ¶ 127).

### C. Montece's PSI Objections

The defendant made ten factual objections and three legal objections to the PSI (*See* DE 39).[1] Factually, he disputes that he directed co-conspirators Michael Abarca Espinales and Jordan Israel Martinez Ochoa and also contests references to his leadership role. Legally, he objects to enhancements under:

1. U.S.S.G. § 2K2.1(b)(4)(B)(i), (ii);
2. U.S.S.G. § 2K2.1(b)(9)(A), (B); and
3. U.S.S.G. § 3B1.1(a).

## II.     United States' Response to Montece's Objections

### A. The Court Should Overrule the Defendant's Factual Objections[2]

The Court should overrule the defendant's factual objections because the defendant was an organizer and leader who directed co-conspirators, including Jordan Israel Martinez Ochoa and Michael Abarca Espinales, among many others.

First, the defendant was a leader or organizer, and the facts set forth in the PSI overwhelmingly support that characterization of his involvement in the criminal conspiracy. The scope and livelihood of the conspiracy does not exist without the defendant's direction. The defendant located the firearm sellers, directed co-conspirators to purchase the firearms on his behalf, coordinated the logistics of the concealment and smuggling of the firearms, bribed customs

---

[1] The United States will address the objections that remain contested. As previously stated, the government respectfully requests that the Court sustain the defendant's factual objections 1, 2 3, 4, 8, 9, and 10.

[2] The United States intends to call the lead case agent, Special Agent Brett Smith, ATF, to testify regarding the defendant's objections.

officials and freight forwarder operators, and then distributed the proceeds to the co-conspirators. The defendant's contention that he was simply a "coordinator" ignores the scope of his involvement in the conspiracy.

Second, the defendant directed the actions of both Michael Abarca Espinales and Jordan Israel Martinez Ochoa. The government does not dispute that Abarca worked with other firearms traffickers; however, Abarca still worked at the direction of the defendant to further this conspiracy. The defendant directed Abarca on the firearms to purchase, and, at times, who to purchase the firearms from. Once the firearms were purchased by Abarca, at the defendant's direction, the defendant directed Abarca who Abarca was to provide the firearms to for shipment to Ecuador. Similarly, the defendant directed Ochoa on who and where to send the shipments containing the concealed firearms. Furthermore, the defendant sent text messages to Ochoa directing him on how to properly conceal the firearms in the shipments. Based on these facts, the Court should find that the defendant's involvement in the conspiracy involved directing both Abarca and Ochoa.

### B. The Court Should Overrule the Defendant's Legal Objections

i. **At least one firearm had an obliterated serial number and therefore no *mens rea* is required and the defendant had knowledge, was willfully blind or consciously avoided knowledge of the multiple privately manufactured firearms that lacked serial numbers**

The defendant's involvement in multiple firearms that lacked serial numbers demonstrates the defendant's knowledge that the firearms were not marked with firearms or that he was willfully blind or consciously avoided knowledge of such fact. U.S.S.G. § 2K2.1(b)(4)(B)(i),(ii) provides a four level enhancement "[i]f any firearm had a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye; or (ii) the defendant knew that any firearm involved in the offense was not otherwise marked with a serial number

4

(other than a firearm manufactured prior to the effective date of the Gun Control Act of 1968) or was willfully blind to or consciously avoided knowledge of such fact."[3] Here the defendant coordinated with co-conspirators Julio Jacome, Jordan Ochoa, and Alejandro Escalona to purchase, conceal and smuggle seven firearms in a dilapidated jet ski that was destined for Ecuador. On August 17, 2022, ATF agents seized the jet ski at a freight forwarder and discovered the seven concealed firearms. One of those firearms, a IZHMASH Saiga AK-47 style rifle, had an obliterated serial number. The U.S.S.G. commentary provides that "[§ 2K2.1(b)(4)(B)(i)] applies regardless of whether the defendant knew or had reason to believe that the firearm…had a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye." The defendant's knowledge or lack thereof of the obliterated serial is of no consequence for this enhancement.

Alternatively, as to (B)(ii) of the section, the defendant had knowledge, was willfully blind to or consciously avoided knowledge that multiple firearms lacked serial numbers. ATF and HSI agents, as well as, Ecuadorian national police seized a total of forty five firearms in March 2024, December 2024, and April 2025. The defendant coordinated the purchase, concealment, and shipment to Ecuadorian of these firearms and all the firearms consisted of privately manufactures firearms lacking any serial numbers. Additionally, during the course of the conspiracy, there is no evidence to support that the defendant inquired or requested the co-conspirators provide evidence that the firearms that were purchased on the defendant's behalf contained serial numbers. Based on the volume of firearms that the defendant is responsible for, the lack of serial numbers on the firearms that were seized, and the lack of evidence to support the defendant's inquiry into the

---

[3] The defendant only received one level enhancement because the cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed level 29.

serialization of the firearms support that the defendant had knowledge, was willfully blind to or consciously avoided knowledge that multiple firearms lacked serial numbers.

### ii. The Defendant Participated with a Group, Club, Organization, and Association with Five Or More People with Knowledge that Primary Purpose was a Criminal Offense

The defendant conspired with multiple individuals in both Ecuador and the United States for the purpose committing multiple criminal offenses. U.S.S.G. § 2K2.1(b)(9)(A), (B) provides, "1) the defendant received an enhancement under 2K2.1(b)(6) and 2) committed the offense in connection with the defendant's participation in a group, club, organization, or association with five or more persons, knowing or acting with willful blindness or conscious avoidance of knowledge that the group, club, organization, or association had as one of its primary purposes the commission of criminal offenses." Likely due to this section's recency, the government reveals no controlling case law on this section; however, the basis for § 2K2.1(b)(9)(A), (B) includes, "the recent adoption of who is affiliated with a gang, cartel, organized crime ring, or other such enterprise should be subject to higher penalties than an otherwise unaffiliated individual."[4]

The defendant was one of the primary firearms suppliers to Ecuador and the transnational criminal organization "Los Choneros." The defendant's participation with "Los Choneros" involved supplying firearms and in return receiving the proceeds of the firearms supplied. The proceeds of the firearms came directly from members of "Los Choneros." Furthermore, the defendant participated in an association and organization of individuals in the United States who sold, transported, concealed, and shipped the firearms. While the group or organization may have

---

[4] https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230201_RF-proposed.pdf

been loosely assembled, the organization relied on each participate to fulfill a certain responsibility to effectuate the overall criminal purpose.

### iii. The Defendant was Organizer or Leader of a Criminal Activity that Involved Five Or More Participants or Was Otherwise Extensive

The defendant organized and directed five or more people to sell, transport, conceal, and smuggle hundreds of firearms over a multi-year period. A four level enhancement is applied to a defendant who was "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In considering the defendant's role, the Court should consider "the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, Application Note 4.

Here, all the factors that the Court is asked to consider weigh in favor of the enhancement. First, the defendant was deeply involved in the conspiracy and was the lynchpin that ensure the conspiracy's continued existence. From the beginning of each smuggled firearm, he located the seller of the firearm, directed the straw purchase, coordinated the logistics of concealment and smuggling of the firearm, and bribed customs and freight forwarders. At the very least the defendant recruited at least one individual into the conspiracy and encouraged others to join the conspiracy by providing a financial incentive. Lastly, the defendant's share of the fruits of the crime far outweighed many of the conspirators. The defendant profits reached well into the millions of dollars while some co-conspirators were paid $100 to deliver concealed firearms to

freight forwarders. Simply put, the defendant played a central role in organizing this years-long conspiracy.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court overrule the defendant's factual objections 5, 6, and 7, and the defendant's legal objections. The Government therefore respectfully requests that the Court adopt the remaining portions of the PSI and find that the defendant's United States Sentencing Guidelines advisory guideline range is 324-405 months' imprisonment.

Respectfully submitted,
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____

Brian D. Ralston
Assistant United States Attorney
Court ID No. A5502727
500 South Australian Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: (561) 209-1068
Email: brian.ralston@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 24, 2025, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.

*s/ Brian Ralston*
BRIAN D. RALSTON
Assistant United States Attorney

<u>**SERVICE LIST**</u>

**United States of America v. Elias Montece**
**Case No. 25-CR-80066- LEIBOWITZ/REINHART**
**United States District Court, Southern District of Florida**

| |
|---|
| **Brian Ralston**<br>U.S. Attorney's Office<br>500 S. Australian Avenue, Suite 400<br>West Palm Beach, Florida 33401<br>561-820-8711<br>Brian.Ralston@usdoj.gov<br>Attorney for USA |
| **Richard Della Fera**<br>500 E. Broward Blvd<br>Ste 900<br>Fort Lauderdale, FL 3394<br>(954) 848-2872<br>rdf@rdattorney.com<br>Attorney for the defendant |

9
